UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61592-CIV-DIMITROULEAS

DENNIS O. BROWN,

    Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Attorney Fees and Costs (Docket Entry 100), which was referred to United States Magistrate Judge Lurana S. Snow.  The defendant filed a response in opposition to the motion, and the plaintiff did not file a reply memorandum.  The motion is ripe for consideration.

I. PROCEDURAL HISTORY

The plaintiff, an African-American carpenter, filed this action against the Broward County School Board alleging Title VII discrimination based on race, violation of the Americans With Disabilities Act (ADA) for failure to accommodate his asthma condition, and retaliation against him for filing a discrimination complaint against his manager.  Only one deposition was taken in the case, the deposition of the plaintiff taken by the defendant. The Court dismissed of all but one of the plaintiff's claims,

submitting to the jury only the Title VII claim involving the plaintiff's reassignment to a portable crew. (DE 69, 73)

The jury awarded the plaintiff damages in the amount of $210,000. The plaintiff now seeks an award of attorney's fees, pursuant to 42 U.S.C. § 2000(e)(5)(k), in the amount of $37,164.00 (122.5 hours at $300 per hour). In support of this request, the plaintiff has filed counsel's billing records (DE 100, Ex. A) and the affidavit of John Phillips, Esq. (DE 100, Ex. E). Mr. Phillips avers that he has practiced law in South Florida for more than 26 years; that he is familiar with attorneys' fees generally charged in cases similar to the instant case; that the fee generally charged in the South Florida legal community for Title VII, ADA and retaliation cases is $300 per hour, and that this is a reasonable fee for plaintiff's counsel despite the fact that counsel has been practicing law for only six years. (DE 100, Ex. E)

The plaintiff also seeks costs in the total amount of $4,372.04 and compensation for 11.5 hours of service by legal assistants/paralegals. The plaintiff did not file a Bill of Costs, but instead filed the affidavit of Kenneth Eric Trent, Esq., counsel for the plaintiff. Mr. Trent listed the costs to be taxed:

    a) Filing fee: $350.00,

    b) Copies at Office Depot: $41.33,

    c) Service of trial subpoenas: $800.00,

    d) Mediator's fee: $393,

    e) Fee for original service of process: $20,

    f) Copy of EEOC file: $38.65,

      g) Trial transcript: $1188.96,

      h) Transcript of plaintiff's deposition of 6/10/09: $536.10,

      i) Parking: $14.00 and

      j) Expert witness fee: $1000.

Mr. Trent does not provide invoices or other documentation for these costs, and does not state the rate at which the legal assistants/paralegals were compensated. (DE 100, Ex. D)  Mr. Trent does provide the Paralegal/Legal Assistant Billing Record for the case, which reflects the total paralegal/legal assistant time as 4.6 (not the claimed 11.5) hours. (DE 100, Ex. B)

      The defendant challenges the hourly rate and number of hours claimed by counsel as excessive.  The defendant also disputes the claimed costs for service of subpoenas, trial transcript and expert witness.

## II. RECOMMENDATIONS OF LAW

### A. Attorney's Fees

      This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. Moreover, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman held that the district court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984).  The applicant bears the burden of proving, by direct

4

or opinion evidence, that the requested rate is in line with prevailing market rates.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (citations omitted).

Once the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained:

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the

> significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised. The vindication of a constitutional right is important even if only a small amount of money is involved.

Id. at 1302 (citations omitted).

In the instant case, the defendant argues that the claimed rate of $300 per hour is excessive for a lawyer of only six years experience.  The defendant also notes that the plaintiff's expert, Mr. Phillips, concedes that the claimed rate is at "the upper end" of rates charged by lawyer's of Mr. Trent's experience.  (DE 100, Ex. E, p.3)  The defendant suggests that the appropriate rate is $170 per hour, the rate at which the plaintiff was billed before the fee arrangement was changed to a contingency fee.

In his verified motion, counsel for the plaintiff states that the $170 per hour discounted rate was negotiated because of the plaintiff's limited resources and the pre-existing attorney-client relationship between the plaintiff and Mr. Trent.  Mr. Trent does not state what his customary, non-discounted billing rate is.

Based on a review of the record in this cause, the affidavit of Mr. Kent, and the Court's own familiarity with fees awarded in similar cases in this District, the undersigned finds that a reasonable fee for an attorney of Mr. Trent's experience is $250 per hour.

The defendant also challenges the number of hours expended, arguing that the 29.4 hours claimed by Mr. Trent for work on his response to the School Board's Motion for Summary Judgment should be reduced by 50% to reflect the plaintiff's limited success on that motion. Since counsel for the plaintiff does not identify the number of hours spent on successful and unsuccessful claims, the undersigned finds that a reduction in the total number of hours by the requested 14.7 hours is reasonable.

Accordingly, the plaintiff should be awarded attorney's fees in the amount of $26,950.00 (107.8 hours at $250 per hour).

B. Costs

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of

7

> papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendant first challenges the claim for a total of $820.00 for service of process and subpoenas on three grounds: (1) there is no breakdown of the charges, (2) the reasonable cost of serving a trial subpoena ranges from $25-30 and (3) plaintiff called to testify at trial only four of the subpoenaed witnesses.

The fee for service of process cannot exceed that charged by the U.S. Marshal. <u>U.S. E.E.O.C. v. W&O, Inc.</u>, 213 F.3d 600, 623-24 (11th Cir. 2000). The current rate for service of process by the U.S. Marshal is $55 per hour, plus costs of travel and expenses. <u>Turcios v. Delicias Hispanas Corp.</u>, 2009 WL 1393238 *5 n. 2 (S.D. Fla. 2009); 28 U.S.C. § 0.114(a)(3). Since the plaintiff has failed to provide any breakdown of these costs reflecting the number of witnesses served and the cost of serving each subpoena, the undersigned will limit the plaintiff's recoverable costs to the four witnesses who testified at trial. Based on the current rate charged by the U.S. Marshal, the total costs for these four subpoenas is $220. Accordingly, the claimed

cost for subpoenas should be reduced by $600.

Next, the defendant argues that the cost of the trial transcript should not be taxed because it is excessive and normally associated with appellate work. The plaintiff has not stated how this transcript was "necessarily obtained for use in the case," as required by § 1920 (2). The claim of $1,186.96 for the trial transcript should be disallowed.

Finally, the defendant asserts that the $1,000.00 expert fee is unsupported by an invoice or individual testimony as to the services performed by the expert, and that the fee is inconsistent with the limited services that were offered by this witness.

The plaintiff has not provided any information from which the Court could conclude that the expert fee is taxable under § 1920, and the $1,000.00 fee should be disallowed.

The defendant does not object to the following charges:

a) Filing fee: $350.00

b) Copies at Office Depot: $41.33

c) Mediator's fee: $393.00

d) Copy of EEOC file: $38.65

e) Transcript of Plaintiff's deposition of 6/10/09: $526.10

f) Parking: $14.00

9

These costs properly are taxed to the defendant, resulting in a total of taxable costs of $1583.08.

III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the Plaintiff's Verified Motion for Attorney's Fees and Costs be GRANTED, in part, in that the plaintiff should be awarded attorney's fees in the amount of $26,950.00 and costs in amount of $1,583.08.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of June, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record